UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No. 11-59449

ASTHMA MICHAEL HALABU,                                      Chapter 13

            Debtor.                                         Judge Thomas J. Tucker

_____ /

**SUPPLEMENTAL OPINION REGARDING COMERICA BANK'S MOTION
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM**

**I. Introduction**

This case is before the Court for further proceedings on a motion filed by Comerica Bank,

entitled "Comerica Bank's Motion Seeking Allowance of an Administrative Claim under

§ 503(b) for Real Estate Taxes Relating to Debtor's Residence" (Docket # 97, the "§ 503(b)

Motion").  On October 26, 2012, the Court filed an opinion and entered an Order regarding the

§ 503(b) Motion.[1]  This opinion supplements the Court's earlier opinion and Order.

After the Court filed the October 26, 2012 Order, and as permitted by that Order, the City

of Orchard Lake and the Oakland County Treasurer jointly filed a brief with an attached exhibit.[2]

Comerica Bank then filed a "supplemental brief" in further support of its § 503(b) Motion, with

exhibits.[3]  The Debtor then filed a supplemental brief.[4]  (Collectively, these items filed after

October 26, 2012 are referred to below as the "post-October 26 filings.")  Under the Court's

---

[1]  Docket ## 112, 113.  The Court's October 26, 2012 opinion is published at 2012 WL 5306128.

[2]  Docket # 116.

[3]  Docket # 118.

[4]  Docket # 120.

October 26, 2012 Order, the Chapter 13 Trustee was permitted, but not required, to file a brief and any exhibits she wished to file, no later than November 30, 2012. The Trustee did not file anything.

The Court has reviewed all of the post-October 26 filings. Although the Court stated in its October 26, 2012 Order that it would schedule a further hearing, the Court now concludes that a further hearing is not necessary.

## II. Discussion

### A. Allowance of an administrative expense in favor of the City of Orchard Lake

Based on the post-October 26 filings, the Court finds the following facts, which are undisputed by the parties:

1. As of November 15, 2012, there were unpaid real estate taxes on the Debtor's home, located at 3765 Indian Trail, Orchard Lake, Michigan (the "Property"), owing to the City of Orchard Lake, in the amount of $481.98. These are for the Winter 2012 taxes on the Property.

2. The City of Orchard Lake claims, as of November 15, 2012, to have an administrative expense claim for the Winter 2012 taxes referred to in ¶ 1 above, in the amount of $481.98. Neither the City of Orchard Lake, nor the Oakland County Treasurer, nor any other taxing authority claims to have any other administrative expense in this bankruptcy case.

3. Other than the $481.98 in taxes referred to in ¶ 1 above, there are no other unpaid real estate taxes owing to the City of Orchard Lake, the Oakland County Treasurer, or any other taxing authority.

4. There were 2011 real estate taxes on the Property that were owing to the Oakland County Treasurer, until they were paid, on June 11, 2012. Comerica Bank paid the Oakland

County Treasurer those taxes, along with interest and fees, in full on June 11, 2012, in the amount of $16,893.36.

5.  There were Summer 2012 real estate taxes on the Property that were owing to the City of Orchard Lake, until they were paid, on September 19, 2012. Comerica Bank paid the City of Orchard Lake those taxes, along with interest and fees, in full on September 19, 2012, in the amount of $13,512.51.

The City of Orchard Lake argues that under Michigan law, the Winter 2012 taxes owing to it, in the amount of $481.98, were incurred on December 31, 2011, while this bankruptcy case was pending,[5] and before this case was dismissed on February 24, 2012. The other parties do not dispute this. Because this is undisputed, and based on the reasoning stated in the Court's October 26, 2012 opinion, the Court concludes that these unpaid taxes were incurred by the bankruptcy estate, and that the City of Orchard Lake has an allowed administrative expense in this case, under 11 U.S.C. § 503(b)(1)(B)(i), in the amount of $481.98.

**B. Debtor's argument that Bankruptcy Code § 502(b)(3) precludes allowance of the administrative expense**

The Debtor argues that this administrative expense must be disallowed, based on 11 U.S.C. § 502(b)(3).[6] The Court disagrees. The Court concludes that § 502(b)(3) does not apply to a tax that is otherwise allowable as an administrative expense under § 503(b)(1)(B)(i). Rather, the Court agrees with Comerica Bank that § 502(b)(3) applies only to prepetition taxes. It does

---

[5]  The Debtor filed her voluntary petition in this bankruptcy case on July 18, 2011.

[6]  Under § 502(b)(3), a claim of the type referred to in § 502(a) must be disallowed, if objected to, and "if such claim is for a tax assessed against property of the estate, [to the extent] such claim exceeds the value of the interest of the estate in such property." *See* 11 U.S.C. § 502(b)(3).

3

not apply to a post-petition tax — *i.e.*, a tax incurred by the bankruptcy estate — of the type covered by § 503(b)(1)(B)(i). *In re Pioneer Title Building, Ltd.*, 133 B.R. 822, 824-25 (Bankr. W.D. Tex. 1991); *In re Spruill*, 78 B.R. 766, 770-72 (Bankr. E.D.N.C. 1987); *see In re Precision Concepts, Inc.*, 305 B.R. 438, 442 (Bankr. M.D.N.C. 2004)(applying § 502(b)(3) to a prepetition tax claim, and noting that "[s]ection 502 does not apply to post petition taxes, which are governed instead by § 503 and § 507); 4 *Collier on Bankruptcy* ¶ 502.03[4][b][iii], at 502-38 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

This conclusion is further supported by the more general rule, which this Court recently discussed at length and followed, in an opinion in another case, that § 502 does not apply at all to § 503(b) administrative expense requests. *See In re Energy Conversion Devices, Inc.*, No. 12-43166, 2013 WL 501732, at *3-4 (Bankr. E.D. Mich., February 11, 2013)(citations omitted) (holding that (1) § 502 does not apply to § 503(b) administrative expense requests; and (2) § 502(d) does not apply to § 503(b)(9) administrative expense requests).

### C. Comerica Bank's request based on its payment of the Summer 2012 taxes

In its supplemental brief, Comerica Bank requests that the Court allow, either to the taxing authority or to Comerica Bank, an administrative expense under § 503(b)(1)(B)(i) for the Summer 2012 real estate taxes. As noted above, these taxes were paid in full by Comerica Bank to the City of Orchard Lake, with interest and fees, on September 19, 2012, in the amount of $13,512.51.

The Court cannot grant Comerica Bank's request. First, the Court cannot allow an administrative expense in favor of the City of Orchard Lake for these taxes, because the City of Orchard Lake has already been paid in full for these taxes. Second, the Court cannot allow an

4

administrative expense for these taxes *in favor of Comerica Bank*, for the reasons discussed at length in Part IV.B.3.a of the Court's October 26, 2012 opinion.[7]  To the extent Comerica Bank now seeks reconsideration of any of the Court's holdings in its October 26, 2012 opinion, or of the October 26, 2012 Order, such reconsideration is denied.

## III. Conclusion

For the reasons stated in this opinion, and in the Court's October 26, 2012 opinion, the Court now will enter an order allowing an administrative expense to the City of Orchard Lake, in the amount of $481.98.  The Order also will require the Chapter 13 Trustee promptly to disburse the funds she has on hand in this case, under 11 U.S.C. § 1326(a)(2), as follows:

1.  First, to the Trustee, in the amount of $100.00;

2.  Second, *pro rata* to:

    A.  Debtor's counsel, who has an unpaid, allowed administrative expense for attorney fees and expenses in the amount of $9,671.98;

    and

    B.  the City of Orchard Lake, which has an unpaid,[8] allowed administrative expense for taxes under § 503(b)(1)(B)(i) in the amount of $481.98; and

3.  Third, to the Debtor, in the amount of any funds remaining after payment in full of the administrative expenses identified in paragraphs 1 and 2 above.

---

[7]  Docket # 112 at 14-19.

[8]  It is at least possible that these taxes have already been paid, after November 15, 2012, for example, by Comerica Bank.  In the event, and to the extent, that the Trustee learns that these taxes have already been paid, by Comerica Bank or by anyone else, the Trustee may not pay them to the City of Orchard Lake, but rather must include them in the sums that the Trustee uses to pay the Debtor's counsel's administrative expense and, if applicable, to the Debtor.

5

Signed on March 1, 2013                    /s/ Thomas J. Tucker
                                           Thomas J. Tucker
                                           United States Bankruptcy Judge

6